# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD PORTILLO,<br><br>　　　　Petitioner,<br><br>　　vs.<br><br>SUPERIOR COURT OF CALIFORNIA,<br><br>　　　　Respondent. | Case No. CV 13-1236 VAP (MRW)<br><br>ORDER DISMISSING ACTION WITHOUT PREJUDICE |

　　The Court vacates the reference of this action to the Magistrate Judge and dismisses this action without prejudice.

　　　　　　　　　　　　　　* * *

　　Petitioner is a state prisoner serving a lengthy sentence for numerous sexual assaults. (Portillo v. Adams, CV 09-5630 VAP (MRW) (C.D. Cal.) (denial of habeas corpus petition).) He filed this action in federal court seeking a "writ of mandate" regarding a state family court case. According to the petition, Petitioner contends that he has not been allowed to appear in family court – either in person

or on the telephone – for divorce proceedings in that case. After lengthy state court proceedings, he filed this action in this Court requesting relief.

The basis for Petitioner's action in this Court is unclear. Petitioner is not challenging the propriety of his criminal conviction: the Court previously denied relief on his petition under 28 U.S.C. § 2254. He also does not claim that he is unlawfully in custody, so his petition does not seek relief under 28 U.S.C. § 2241. Instead, he refers generally to the All Writs Act [28 U.S.C. § 1651] as conveying federal court jurisdiction for his case.

Yet, the authorities he cites in support of his claim provide no basis for this Court to order a state court to allow Petitioner to appear personally in a divorce case. Rather, the judicial decisions to which he cites stand for the general propositions that a court may not have in personam jurisdiction because it has in rem jurisdiction over a litigant's property (Shaffer v. Heitner, 433 U.S. 186 (1977), or may otherwise be bound by a court judgment. International Shoe v. Washington, 326 U.S. 310 (1945). Petitioner's broad appeals to "traditional notions of fair play and substantial justice" are simply insufficient to state a claim for federal court relief or establish any constitutional violation here. (Docket # 1 at 5.)

Magistrate Judge Wilner previously screened the original petition. (Docket # 3.) Judge Wilner concluded that the petition failed to state a claim upon which relief could be granted. Fed. R. Civ. P. 12; 28 U.S.C. § 1915A(b). However, after explaining the deficiencies with the petition, Judge Wilner gave Petitioner the opportunity to replead his action in proper format.

Petitioner subsequently filed a First Amended Petition. (Docket # 6.) The First Amended Petition is virtually identical to the original petition. Other than brief references to an additional Supreme Court decision not relevant to the current proceeding and to a Federal Rule of Appellate Procedure inapplicable to

2

1 this Court, the First Amended Petition is a word-for-word copy of the original
2 pleading.
3     The Court concludes that the First Amended Petition does not state a claim
4 upon which relief may be granted. Therefore, this action is hereby DISMISSED
5 without prejudice.

7     IT IS SO ORDERED.

9 DATED: March 22, 2013

    _____
    HON. VIRGINIA A. PHILLIPS
    UNITED STATES DISTRICT JUDGE

3